UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ANTHONY DENSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF GARLAND DENSON, <br><br>  Plaintiff, <br><br> vs. <br><br> NATIONAL CASUALTY COMPANY, <br><br>  Defendant. | CIVIL ACTION NO. 2:20-cv-4196-DCN <br><br><br><br> COMPLAINT <br> (NEGLIGENCE) <br> (JURY TRIAL DEMANDED) |

Plaintiff alleges as follows:

1. Plaintiff is a citizen and resident of Shelby County, State of Tennessee.

2. Plaintiff is the lawfully appointed Personal Representative of the Estate of Garland Denson (Decedent). See Probate File #2020ES08-541.

3. Defendant is an insurance company organized and existing under the laws of the State of Wisconsin, with its principal place of business located at 8877 North Gainey Center Drive, Scottsdale, Arizona.

4. This Court has jurisdiction of the parties and the subject matter of this action.

5. Upon information and belief Watershed, LLC (Watershed) owns and operates a business establishment located at 106 Central Avenue, Goose Creek, South Carolina, known as Royal Lanes.

6. Royal Lanes is in the business of selling alcohol and is licensed by the State of South Carolina and subject to all applicable statutes and state administrative regulations concerning the sale of alcohol and operates a bar and restaurant located at 106 Central Avenue, Goose Creek, South Carolina.

7. At all times alleged herein, Royal Lanes' employees and/or agents were acting within the course and scope of their employment and/or agency.

8. During the evening hours of June 24, 2020, Steve Jones (Jones) consumed alcohol at Royal Lanes located at 106 Central Avenue, Goose Creek, South Carolina.

9. Royal Lanes served Jones a quantity of alcohol, causing him to become intoxicated and/or served him while intoxicated, in violation of state law.

10. The alcoholic beverages sold or given to Jones contributed to, or caused him to become, or remain, intoxicated at all times relevant hereto.

11. On June 24, 2020, at approximately 11:33 p.m., Decedent was traveling in a northerly direction on Hollywood Avenue, proceeding under a

green light through the intersection with Highway 52.

12.   At the same time, Jones was traveling in a northerly direction on Highway 52, disregarded a red light at the intersection of Highway 52 and Hollywood Avenue, and slammed into the passenger side of Decedent's vehicle.

13.   Decedent was killed instantly.

14.   Jones had consumed alcohol to the point of intoxication and was under the influence of alcohol at the time he killed Decedent.

15.   Royal Lanes owed Decedent a duty of reasonable care.

16.   Royal Lanes further owed Decedent a statutory duty not to serve alcoholic beverages to an intoxicated person.

17.   Royal Lanes was negligent, grossly negligent, and reckless in one or more of the following ways:

    a.   Serving alcoholic beverages to Jones when Royal Lanes knew or should have known that he was intoxicated, in violation of the common law and statutory laws of the State of South Carolina;

    b.   In serving alcoholic beverages to Jones in an amount causing him to become intoxicated, in violation of the common law and statutory laws of the State of South Carolina;

    c.   In failing to appreciate Jones' intoxication while being served alcohol and for failure to provide him a safe means of transportation;

d.  In failing to ensure, after serving alcohol to Jones when he was intoxicated, that he would not drive upon the roadways of the state;

e.  In failing to properly and adequately supervise employees, bartenders and wait staff with regard to the proper service of alcohol;

f.  In failing to adequately and properly monitor the activities of its employees, wait staff, bartenders and servers in the service of alcohol to Defendant Jones;

g.  In failing to sufficiently train employees in their duties with regard to the service of alcohol to the general public;

h.  In failing to implement or maintain policies and procedures necessary for the reasonable service of alcohol to the general public;

I.  In deviating from the accepted standard of care in the service of alcoholic beverages to intoxicated persons;

j.  In creating an atmosphere of encouraging the consumption of excessive amounts of alcohol and by way of drinking shots of alcohol;

k.  In allowing Defendant Jones to leave the location of Defendant Royal Lanes while in a dangerous state or condition;

l.  In failing to provide assistance or alternative means of transportation for Defendant Jones;

m.  In failing to observe and supervise Defendant Jones upon his departure from the location of Defendant Royal Lanes to ensure that he would not cause harm or injury to innocent third persons, to include Decedent;

n.  In failing to warn Decedent and other innocent third persons of Defendant Jones' approach upon his leaving, or being asked to leave, the location of Defendant Royal Lanes; and

4

    o. In any such further particulars as the evidence illuminated by the discovery process or trial may show.

18. Pursuant to South Carolina law, Decedent's mother, Alice Denson, is the sole beneficiary of any wrongful death action.

19. As a direct result of Royal Lanes' negligence, gross negligence, and recklessness, Alice Denson is entitled to the following damages:

    a. Mental shock and suffering;

    b. Wounded feelings;

    c. Grief and sorrow;

    d. Deprivation of the use and comfort of the Decedent's society; and

    e. Loss of Decedent's experience, knowledge and judgment.

20. At all times herein mentioned Defendant provided commercial liability insurance coverage to Watershed/Royal Lanes.

21. Defendant has refused to provide insurance defense and/or agreed to indemnify Watershed/Royal Lanes for the aforesaid actions of Royal Lanes.

22. South Carolina Code Section 61-2-145 promulgates the following:

    a. In addition to all other requirements, a person licensed or permitted to sell alcoholic beverages for on-premises consumption, which remains open after five o'clock p.m. to sell alcoholic beverages for on-premises consumption, is required to maintain a liquor liability insurance policy or a general liability insurance policy with a liquor liability endorsement for a total coverage of at least one million dollars during the period of the biennial permit or license.

          Failure to maintain this coverage constitutes grounds for suspension or revocation of the permit or license.

    b.    The department shall add this requirement to all applications and renewals for biennial permits or licenses to sell alcoholic beverages for on-premises consumption, in which the permittees and licensees remain open and sell alcoholic beverages for on-premises consumption after five o'clock p.m. Each applicant or person renewing its license or permit, to whom this requirement applies, shall provide the department with documentation of a liquor liability insurance policy or a general liability insurance policy with a liquor liability endorsement in the required amounts.

    c.    Each insurer writing liquor liability insurance policies or general liability insurance policies with a liquor liability endorsement to a person licensed or permitted to sell alcoholic beverages for on-premises consumption, in which the person so licensed or permitted remains open to sell alcoholic beverages for on-premises consumption after five o'clock p.m., must notify the department in a manner prescribed by department regulation of the lapse or termination of the liquor liability insurance policy or the general liability insurance policy with a liquor liability endorsement.

    d.    For the purposes of this section, the term "alcoholic beverages" means beer, wine, alcoholic liquors, and alcoholic liquor by the drink as defined in Chapter 4, Title 61, and Chapter 6, Title 61.

23.    The aforementioned statute was enacted in 2017 to ensure the general public, including Alice Denson, would be compensated by drunken patrons who were over-served alcoholic beverages by bar owners, such as Royal Lanes, in violation of South Carolina statutory law.

24. Upon information and belief, on June 24, 2020, Watershed/Royal Lanes did not have liquor liability coverage which would have compensated Alice Denson for her damages.

25. Upon information and belief, prior to June 24, 2020, Defendant provided liquor liability coverage to Watershed/Royal Lanes.

26. Upon information and belief, Defendant previously paid an undisclosed amount for damages resulting from Watershed/Royal Lanes violating South Carolina's liquor liability laws on January 20, 2018.

27. The aforesaid January 20, 2018, claim involved over-serving an individual named Damien Brandon Clouse, who, while exiting Royal Lanes parking lot in a drunken state, crashed his vehicle into adjoining property owned by Stenstrom & Associates at 104 Central Avenue, Goose Creek, South Carolina, causing damage in excess of $100,000.

28. Upon information and belief, on March 26, 2020, Watershed/Royal Lanes was insured by a policy issued by Defendant— policy number KKO0000024233500– with effective dates March 26, 2020-June 26, 2020.

29. The aforementioned policy did not provide liquor liability coverage for the actions of Watershed/Royal Lanes.

30. Prior to March 26, 2020, Defendant provided liquor liability coverage to Watershed/Royal Lanes and the insurer improperly cancelled

the liquor liability coverage for Royal Lanes in violation of law.

31.   The aforementioned statute clearly required Defendant to notify the S.C. Department of Revenue of any "lapse or termination of the liquor liability insurance policy or the general liability insurance policy with a liquor liability endorsement."

32.   Defendant negligently or intentionally failed to comply with the statute by failing to notify the South Carolina Department of Revenue the liquor liability coverage previously provided to Watershed/Royal Lanes had lapsed or terminated.

33.   As a direct result of Defendant's failure to comply with this statutory duty:

    a.   Royal Lanes continued to operate without liquor liability insurance coverage available to compensate Alice Denson for her damages; and

    b.   Defendant is responsible for all damages to which Alice Denson is entitled.

WHEREFORE, Plaintiff Anthony Denson, as Personal Representative of the Estate of Garland Denson, demands judgment against Defendant in such amount of actual and punitive damages as the trier of facts shall determine, for the costs of this action, and for such further relief as the Court deems proper.

(Signature page follows)

                                              S/JOHNNY F. DRIGGERS
                                              JOHNNY F. DRIGGERS, ESQUIRE
                                              108 Central Avenue, Suite 7
                                              Post Office Box 757
                                              Goose Creek, SC 29445
                                              (843) 572-8222
                                              ATTORNEY FOR PLAINTIFF

Goose Creek, South Carolina

December 3, 2020